IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| BARBARA ROSENBLOOM, individually, ) <br> and on behalf of all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NATIONAL HEALTH PLANS & BENEFITS ) <br> AGENCY, LLC, ) <br> ) <br> Serve registered agent at: ) <br> David A. Dziewit ) <br> 17717 Masonic Blvd. ) <br> Fraser, Michigan 48026 ) <br> ) <br> Defendant. ) | Case No.: <br> Division: |

## CLASS ACTION PETITION

COMES NOW Plaintiff Barbara Rosenbloom ("Rosenbloom"), individually, and on behalf of all others similarly situated, through her counsel of record, and for her Petition against Defendant National Health Plans & Benefits Agency, LLC ("National Health") states:

### Parties, Jurisdiction and Venue

1. Rosenbloom is an individual who at all times material to this petition resided in St. Louis County, Missouri.

2. Rosenbloom brings this action on behalf of herself and all others similarly situated.

3. National Health is a Michigan limited liability company who in good standing.

4. On information and belief, National Health assists people in obtaining and purchasing health insurance from various health insurance providers.

5. This Court has personal jurisdiction over National Health because it has solicited

business in the State of Missouri, conducts business in the State of Missouri, has committed the acts described below in the State of Missouri and otherwise has sufficient minimum contacts with the State of Missouri.

6. Venue is proper in this Court because the events giving rise to the claims asserted in this Petition occurred in St. Louis County, Missouri.

**Background and Facts Common to All Counts**

7. National Health markets its products and services, in part, through text message advertising.

8. National Health directly markets its products and services to persons in Missouri through text message advertising by sending text messages to persons with Missouri area codes.

9. Rosenbloom is the owner of a cell phone and pays the bill for her cell phone account. Her cell phone number is 314-XXX-9504.

10. Rosenbloom did not provide National Health prior express written consent to send her text message communications. As used herein, the term "prior express written consent" means an agreement signed by the recipient containing a clear and conspicuous disclosure informing the recipient that he/she will receive text message advertisements from National Health from an automatic telephone dialing system and informing her that she is not required to sign such an agreement or agree to enter such an agreement as a condition of purchasing any property or goods.

11. Rosenbloom had no prior business relationship with National Health.

12. On or about January 8, 2019, Rosenbloom received a text message from National Health, or someone acting on its behalf, stating:

> Hi, it's Kelly! I've been trying to tell you it's NOT TOO LATE to get Health Insurance starting 1/15 call me NOW at 8447474995 Reply STOP to opt out

2

13. Rosenbloom received and viewed the above-referenced text message on her cellular phone in St. Louis County, Missouri.

14. The text message sent to Rosenbloom by National Health invaded Rosenbloom's privacy and was harassing and annoying.

15. Upon information and belief, National Health sent text messages advertising National Health's services *en masse* to the cell phones of Rosenbloom and the putative class members without first obtaining their prior express written consent. Said conduct was harassing and annoying to Rosenbloom and the putative class members.

### Count I -Violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

16. Rosenbloom incorporates by reference the allegations of the previous paragraphs as if fully stated in this count.

17. The TCPA states, in part:

> It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .
>
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver the message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1).

18. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce numbers to be called, using a sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

19. The TCPA defines a "telephone solicitation" as a "call or message for the purpose

3

of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

20.  The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2)

21.  The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

22.  The TCPA provides for a private right of action and statutory damages of at least $500, and up to $1,500.00 per violation. 47 U.S.C. § 227(b)(3).

23.  Rosenbloom brings this action pursuant to the provisions of Missouri Supreme Court Rule 52.08 individually, and on behalf of a class defined as:

> All persons in the United States who, from January 11, 2015 to the present, who received text messages on their cell phone from National Health and did not provide National Health their prior express written consent to receive such messages.

24.  Upon information and belief, National Health used an automatic telephone dialing system to send the text messages at issue to the cell phones of Rosenbloom and the putative class members. National Health's dialing system stored the phone numbers of Rosenbloom and the putative class members. The numbers were dialed without human intervention.

25.  Upon information and belief, National Health sent text messages to the cell

4

phones of Rosenbloom and the putative class members without first obtaining their prior express written consent.

26. By placing calls to the cell phones, in the form of text messages, to Rosenbloom and the putative class members without obtaining their prior express written consent, National Health violated the express provisions of the TCPA, including, but not limited to, 47 U.S.C. § 227(b)(l).

27. National Health knew or should have known that Rosenbloom and the putative class members did not provide their prior express written consent to receive calls on their cell phones.

28. Rosenbloom and the putative class members are entitled to damages of $500.00 per call made by National Health and up to $1,500.00 per call if the Court finds that National Health willfully violated the TCPA.

29. Upon information and belief, there are hundreds and possibly thousands of persons in the proposed class, and the class is so geographically diverse that joinder of all members is impracticable.

30. Rosenbloom's claims are typical of the class she seeks to represent. Rosenbloom and the putative class members were called by National Health through an automatic telephone dialing system and did not provide prior express written consent to be called on their cell phones. Rosenbloom's claims and the claims and the putative class members' claims are based on the same legal theories and arise from the same unlawful conduct thereby resulting in the same injury to Rosenbloom and the putative class members.

31. There are questions of law and fact common to the class. Common questions include, but are not limited to:

    a.    Whether National Health made phone calls-to the cell phones of the members of the putative class members without obtaining their prior express written consent to receive said calls;

    b.    Whether National Health made phone calls to the cell phones of the putative class members using an automatic telephone dialing system;

    c.    Whether National Health's conduct violates 47 U.S.C. § 227(b)(l)(A);

    d.    Whether National Health's conduct violates the rules and regulations implementing the TCPA; and,

    e.    Whether Rosenbloom and the putative class members are entitled to increased damages based on the willfulness of National Health's conduct.

32. Rosenbloom will fairly and adequately represent the putative class members. Rosenbloom has retained counsel experienced in the prosecution of class actions. Rosenbloom is committed to vigorously prosecuting the claims presented in this petition. Neither Rosenbloom nor Rosenbloom's counsel have any interests adverse or in conflict with the absent class members.

33. The questions of law and fact common to the putative class members predominate over any questions of fact affecting any individual member of the proposed class.

34. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

## Demand for Judgment

WHEREFORE Plaintiff Barbara Rosenbloom, individually, and on behalf of all others similarly situated, requests the Court grant the following relief against Defendant National Health Plans & Benefits Agency, LLC:

    a.    Enter an order, pursuant to Missouri Supreme Court Rule 52.08(b)(3), certifying

this action as a class action and appointing Plaintiff Barbara Rosenbloom as representative of the class;

      b.      Enter an order appointing Butsch Roberts & Associates LLC as counsel for the class;

      c.      Enter judgment in favor of Rosenbloom and the putative class and against National Health for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if National Health willfully violated the TCPA;

      d.      Award Rosenbloom and the class all expenses of this action, and requiring National Health to pay the costs and expenses of class notice and claims administration; and,

      e.      Award Rosenbloom and the class such further and other relief the Court deems just and appropriate.

**Jury Trial Demanded**

**BUTSCH, ROBERTS & ASSOCIATES, LLC**

By: /s/Christopher E. Roberts
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
butsch@butschroberts.com
roberts@butschroberts.com

Attorneys for Plaintiff Barbara Rosenbloom



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>KRISTINE A KERR | Case Number: 19SL-CC00170 |
|---|---|
| Plaintiff/Petitioner:<br>BARBARA ROSENBLOOM<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER ELISHA ROBERTS<br>SUITE 200<br>231 SOUTH BEMISTON AVE.<br>CLAYTON, MO 63105 |
| Defendant/Respondent:<br>NATIONAL HEALTH PLANS & BENEFITS AGENCY, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: NATIONAL HEALTH PLANS & BENEFITS AGENCY, LLC
Alias:
R/A: DAVID A. DZIEWIT
17717 MASONIC BLVD.
FRASER, MI 48026

COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

18-JAN-2019
Date
_____ Clerk
Further Information:
GJ

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____   _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
                    ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
(Seal)              ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| | | |
|---|---|---|
| **Service Fees, if applicable** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____ miles @ $ _____ per mile) |
| Total | $_____ | |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

| | SUMMONS |
|---|---|
| **PROOF OF SERVICE** | Case No. 19SL-CC-00170 |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☒ **OFFICER CERTIFICATE**     OR     ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☒ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _CLASS Action Petition_

List all documents served with the summons and complaint

on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| NATIONAL HEALTH PLANS & BENEFITS AGENCY, LLC BY MANAGER | 17717 MASONIC FRASER, MI 48026 | Tues 1-22-19 10:58 AM |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature _[signed]_ |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on 1-27-19 , _____ County, Michigan.

My commission expires: _____ Signature: _____
Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____ Attachments
_Matthew Hartrick_ on _____
Day, date, time
_only person in charge_ on behalf of _____
Signature

19SL-CC00170

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

BARBARA ROSENBLOOM
Plaintiff/Petitioner

vs.

NATIONAL HEALTH PLANS & BENEFITS AGENCY, LLC
Defendant/Respondent

1/12/2019
Date

Case Number

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Barbara Rosenbloom                                        , pursuant
            Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Jason Schmaus                     30800 Centennial Dr., Novi, MI 48377     248-505-1078
Name of Process Server            Address                                   Telephone

_____       _____       _____
Name of Process Server            Address or in the Alternative              Telephone

_____       _____       _____
Name of Process Server            Address or in the Alternative              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:                                              SERVE:
NATIONAL HEALTH PLANS - Deft.                       _____
Name                                                Name
17717 Masonic Blvd.                                 _____
Address                                             Address
Fraser, MI 48026                                    _____
City/State/Zip                                      City/State/Zip

SERVE:                                              SERVE:
_____                         _____
Name                                                Name
_____                         _____
Address                                             Address
_____                         _____
City/State/Zip                                      City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk              /s/ Christopher E. Roberts
                                               Signature of Attorney/Plaintiff/Petitioner
         */s/Gloria Jackson*                   61895
By _____                 Bar No.
     Deputy Clerk                              231 South Bemiston Ave., Ste. 260, Clayton, MO 63105
                                               Address
         1/18/19                               (314) 863-5700                (314) 863-5711
_____                    Phone No.                     Fax No.
Date

CCADM62-WS   Rev. 08/16

Local Rule 28.  SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com. (LawandPublicSafety/Circuit/Forms).

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.